IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01018-KAS

EMMANUIL MANOUKIAN,

Petitioner,

v.

WARDEN, Aurora Detention Center, and
FIELD OFFICE DIRECTOR, Immigration and Customs Enforcement, Denver Field Office,

Respondents.

---

**ORDER ON MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Petitioner's **Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act** [#21] and Memorandum in Support [#22]. Respondents filed a Response [#29]. The Court has reviewed the Motion, the Response, the entire case file, and the applicable law. For the following reasons, the Court **GRANTS** the Motion [#21] and **AWARDS** Petitioner his fees and costs.[1]

## I. Background

Petitioner Emmanuil Manoukian filed a 28 U.S.C. § 2241 habeas corpus petition, which the Court granted on October 1, 2025, at the conclusion of an evidentiary hearing, and ordered Petitioner's release of detention on an order of supervision pursuant to 8 U.S.C. § 1231(a)(3). *See Courtroom Mins.* [#18]. The Court directed Petition to submit an

---

[1] The parties consented to magistrate judge jurisdiction. *See Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction* [#8]; *Order of Reference* [#9].

application for fees and costs under 28 U.S.C. § 2412(d)(1) within 30 days of final judgment. *Id*. at 2.

## II. Legal Standard

The Equal Access to Justice Act directs a court to award a party that has prevailed against the United States in any civil action, other than actions sounding in tort, its fees, costs, and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party seeking an award of fees and costs shall, within 30 days of final judgment, "submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subjection, and the amount sought, including an itemized statement from the attorney," which states "the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). A court determines whether the United States' position was substantially justified "on the basis of the record[.]" *Id*.

The Supreme Court has construed "substantially justified" to mean, "justified to a degree that could satisfy a reasonable person." *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (noting reluctance to fix guidelines). To demonstrate reasonableness, the government must establish the following: (1) "a reasonable basis for the facts asserted"; (2) "a reasonable basis in law for the legal theory proposed"; and (3) "support for the legal theory by the facts alleged." *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 520-21 (10th Cir. 1993) (quoted in *Davis v. Comm'r of Soc. Sec.*, No. 21-3148, 2022 WL 1763389, at *1 (10th Cir. June 1, 2022)). Importantly, "a position can be justified even though it is not correct[.]" *Pierce*, 487 U.S. at 566 n.2.

## III. Analysis

### A. Whether Respondents' Position was Substantially Justified

The Court first addresses whether Respondents' position was substantially justified. For the reasons discussed below, the Court finds that it was not.

The Court need not rearticulate the bases for its October 1, 2025 bench ruling; however, the Court notes the following. The Supreme Court has stated that detention of an undocumented immigrant subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After that, "once the [undocumented immigrant] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Notably, the six-month presumption "does not mean that every [undocumented immigrant] must be released after six months." *Id*. "To the contrary, an [undocumented immigrant] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

As demonstrated by the briefing on the Petition for Writ of Habeas Corpus [#1] and the evidence, testimony, and argument presented at the October 1, 2025 hearing, Petitioner's removal in the reasonably foreseeable future was unlikely. The Petitioner appears to be stateless and none of the three countries to which he has a connection would accept him and his country of origin refused to issue a travel document because it does not recognize Petitioner as a citizen. Additionally, while a Post Order Custody Review conducted pursuant to 8 C.F.R. § 241.4 determined that Petitioner is a "priority of removal," that Review heavily relied on the prospect of removal in the reasonably foreseeable future due to a then-pending request for a travel document from Armenia.

However, Armenia declined that request. Further, the Review failed to consider what supervision conditions were appropriate in light of the statutory and regulatory factors Immigration and Customs Enforcement needed to consider. Ultimately, the Court found that Petitioner met his burden of providing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future and Respondents had not rebutted that showing because they had provided *no evidence* that there is any country to which Petitioner can be removed in the reasonably foreseeable future. Thus, the Court determined that Petitioner's continued detention violated the Due Process Clause, 8 U.S.C. § 1231(a)(3), and 8 C.F.R. § 241.4(f) and related regulations, and ordered Petitioner's release.

Because *Zadvydas* unquestionably applied to Petitioner's continued detention and Respondents wholly failed to demonstrate the likelihood of Petitioner's removal in the reasonably foreseeable future, the Court concludes that Respondents have not met their burden of demonstrating substantial justification for their position. *See Elashi v. Sabol*, No. 4:09-CV-2201, 2010 WL 4536774, at *3 (M.D. Pa. Nov. 2, 2010) (finding lack of substantial justification for continued detention where dozens of countries denied entry to the petitioner and the government merely asserted an unsupported belief that removal was reasonably foreseeable). Additionally, Respondents have not provided any additional arguments to convince the Court otherwise. *See Response* [#29] at 2 ("Respondents oppose Petitioner's EAJA fees motion because—as explained in their submissions in response to the Petition and in argument at the hearing on October 1, 2025—their position was substantially justified.") (internal citations to the record omitted). Accordingly, the Court considers the reasonableness of the requested fees and costs.

### B. Reasonableness of Fees and Costs

At the outset, the Court notes that Respondents do not challenge the reasonableness of the requested fees and costs. *See Response* [#29] at 3. Nevertheless, the Court considers the reasonableness of the requested fees and costs.

"EAJA provides that attorney fees are not to be awarded in excess of $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee." *Morales Lopez v. Baltazar*, 834 F. Supp. 3d 1193, 1206 (D. Colo. 2026) (citation omitted). "The party seeking the award bears the burden of persuading the Court that the amount is reasonable." *Id*. (citation omitted). Here, Petitioner paid a flat fee of $3,000 to his attorney for representation in this matter. *Brief* [#22] at 6. Respondents do not challenge the reasonableness of this flat fee or argue that special circumstances make an award of fees unjust. *Response* [#29] at 2. Based on the 17.5 attorney hours devoted to this matter, *see Pet'r's Ex. B*, *Summary of Legal Work and Time Spent* [#21-2], that translates to an hourly rate of approximately $171, which is well within any cost-of-living adjustment to the EAJA $125/hour cap.

As for the number of hours spent on the matter, the Court finds that 17.5 hours is reasonable, given that it encompasses time spent preparing court filings, including Petitioner's successful Petition for Habeas Corpus [#1], and preparation for and participation in the October 1, 2025 hearing at which Petitioner prevailed. *Id*. Therefore, the Court concludes that Petitioner is entitled to an award of $3,000 in attorney fees. The Court finds no special circumstances that would make an award of fees unjust.

The Court also finds that Petitioner's costs are reasonable, and Respondents appear to agree, *see Response* [#29] at 2. The expenses for a hotel, rental car, dinner, and airfare for the Petitioner's hearing witness, who traveled from Los Angeles, California,

are all well within reasonable limits. *See Brief* [#22] at 7. Therefore, the Court concludes that Petitioner is entitled to an award of $1,265.13 in costs.

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that Petitioner's Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act [#21] is **GRANTED**.

IT IS FURTHER **ORDERED** that Petitioner is awarded a total of $4,265.13 in in fees and costs, to be paid by Respondents within 30 days of this Order.

Dated: September 8, 2026

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge